RENDERED: OCTOBER 24, 2025; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2024-CA-0800-MR

DEPARTMENT OF ALCOHOLIC
BEVERAGE CONTROL AND
KENTUCKY ALCOHOLIC
BEVERAGE CONTROL BOARD                                         APPELLANTS


                         APPEAL FROM FAYETTE CIRCUIT COURT
v.                       HONORABLE THOMAS L. TRAVIS, JUDGE
                         ACTION NO. 22-CI-00894


DEANS DINER, LLC D/B/A BREWED                                  APPELLEE

AND

NO. 2024-CA-0801-MR

DEANS DINER, LLC D/B/A BREWED                     CROSS-APPELLANT


                   CROSS-APPEAL FROM FAYETTE CIRCUIT COURT
v.                    HONORABLE THOMAS L. TRAVIS, JUDGE
                      ACTION NO. 22-CI-00894


DEPARTMENT OF ALCOHOLIC
BEVERAGE CONTROL AND
KENTUCKY ALCOHOLIC
BEVERAGE CONTROL BOARD                           CROSS-APPELLEES

<u>OPINION AND ORDER</u>
<u>DISMISSING</u>

\*\* \*\* \*\* \*\* \*\*

BEFORE:  THOMPSON, CHIEF JUDGE; ECKERLE AND LAMBERT, JUDGES.

LAMBERT, JUDGE:  The Kentucky Department of Alcoholic Beverage Control ("the Department") and the Kentucky Alcoholic Beverage Control Board ("the Board"; collectively "Appellants") appeal from a decision of the Fayette Circuit Court reversing the Board's decision to revoke alcohol-related licenses possessed by Deans Diner, d/b/a Brewed ("Deans").[1]  Deans filed a cross-appeal from the same decision.  We conclude both appeals should be dismissed as moot.

The Department issued two licenses to Deans which allowed it to sell and serve malt beverages at a specific location on Malabu Drive in Lexington, Kentucky.  In November 2020, an inspection by a local health department worker showed that Deans had permitted customers, some of whom were unmasked, to eat and/or drink inside its premises in violation of executive orders issued by Governor Beshear during the COVID-19 pandemic prohibiting indoor dining and requiring masking indoors.  Soon thereafter, the Department suspended Deans' licenses on an emergency basis.

---

[1] Deans is alternately spelled "Deans" and "Dean's" in the record and the parties' briefs.  We shall use Deans to match the spelling used by Deans in its notice of cross-appeal.

The emergency suspension order was apparently withdrawn at some point, but the Department still sought to revoke Deans' licenses.[2]  A hearing officer presided over an evidentiary hearing on the revocation proceedings in 2021.  Later that year, the hearing officer concluded Deans had violated the executive orders, but its licenses should not be revoked.  The Board disagreed and revoked Deans' licenses in 2022.  Deans appealed to the Fayette Circuit Court.

In 2024, the circuit court denied Appellants' motion to dismiss the appeal as moot.  The court tersely held that the collateral consequences exception to the mootness doctrine meant the appeals were not moot, but the court did not specify what collateral consequences it had concluded Deans would continue to suffer.  The court later reversed the Board and remanded the matter to the Board with instructions to consider the impact of legislation passed by the General Assembly in its 2021 session which addressed Governor Beshear's 2020 executive orders.  The Board then filed appeal No. 2024-CA-0800-MR and Deans filed cross-appeal No. 2024-CA-0801-MR.

These appeals present several complicated questions about the 2021 statutes, including whether they are retroactive.  However, we decline to address any issues on the merits because these appeals are moot.

---

[2] The parties do not seem to dispute that the emergency suspension order was lifted but have not cited to where we may view a copy of a document lifting the suspension.

As Kentucky's then-highest court held nearly eighty years ago: "we are required to dismiss an appeal where the reversal would not accomplish any result, or where an affirmance would benefit no one; that where pending on appeal an event occurs which of necessity renders any judgment that might be pronounced ineffectual for any purpose." *Brown v. Baumer*, 301 Ky. 315, 321, 191 S.W.2d 235, 238 (1945). More recently, our Supreme Court has similarly held that "an appellate court is required to dismiss an appeal when a change in circumstance renders that court unable to grant meaningful relief to either party." *Medical Vision Group, P.S.C. v. Philpot*, 261 S.W.3d 485, 491 (Ky. 2008).

In plain English, an appeal is moot if our decision "cannot have any practical legal effect upon a *then* existing controversy." *Morgan v. Getter*, 441 S.W.3d 94, 99 (Ky. 2014) (emphasis in *Morgan*) (internal quotation marks and citations omitted). Without the presence of "an actual case or controversy," we have "no jurisdiction to hear an issue and [are] prohibited from producing mere advisory opinions." *Philpot*, 261 S.W.3d at 491 (internal quotation marks and citations omitted).

Here, Deans does not dispute Appellants' contention that Deans "no longer holds the lease for its previously licensed premises" and the licenses Deans possessed "are tied to a specific business address." *See* Kentucky Revised Statutes ("KRS") 243.088(2)(a) ("An NQ4 retail malt beverage drink license shall authorize

-4-

the licensee to . . . [s]ell malt beverages at retail by the drink from only the licensed premises for consumption at the licensed premises only[.]"). Moreover, it is uncontested that Deans did not pay the fees necessary to renew its licenses. In fact, an affidavit submitted from Deans' owner[3] avers that Deans "has been dissolved as an entity with the Commonwealth of Kentucky . . . ." The parties have not indicated that monetary damages are at stake.

Therefore, it would appear impossible for Deans to obtain practical relief even if it prevails completely in these appeals. Deans let the licenses at issue expire and thus cannot resume selling alcohol under those licenses. Moreover, Deans has not contested Appellants' assertion that Deans no longer has a legal right to occupy the premises specified in the licenses at issue. Finally, Deans admits it is a defunct, dissolved entity. Restoration of Deans' licenses thus would be of no real world, practical effect. Similarly, Appellants will obtain no practical relief if they prevail because a holding that Deans' essentially defunct licenses were properly revoked would be functionally meaningless.

In sum, there would be no practical effect if we determine whether these licenses were, or were not, properly revoked.

---

[3] We reject Appellants' argument that we cannot consider the affidavit because it was first presented in circuit court, not during the administrative proceedings. The affidavit was submitted in response to Appellants' motion to dismiss in circuit court, so it was not improper for Deans to present the affidavit as part of its response. Also, Appellants' argument is curious since they refer to the affidavit in their opening brief.

Deans does not directly contest the Appellants' factual contentions underlying Appellants' mootness arguments. Instead, Deans argues the collateral consequences exception to the mootness rule should apply. We disagree.

Under the collateral consequences exception, we "may retain jurisdiction over an appeal that is otherwise moot when a party shows that it is reasonably likely that prejudicial collateral consequences will result." 4 C.J.S. *Appeal and Error* § 73 (2025). Kentucky courts have applied the collateral consequences exception in two main circumstances: 1) when a criminal sentence expires before an appeal is resolved; and 2) when a domestic violence order ("DVO") expires before an appeal therefrom is resolved. *See Calhoun v. Wood*, 516 S.W.3d 357, 360 (Ky. App. 2017).

In a criminal case, the "consequences of the conviction" include the loss of some civil rights and so a criminal appellant retains a "personal stake in the outcome of the appeal." *Id.* (internal quotation marks and citations omitted). Deans points to no civil rights or other penalties it would suffer if these appeals were dismissed. For example, the parties do not assert that Deans would be subject to a monetary penalty or inability to procure a license in the future if these challenged licenses are revoked. In the DVO, or interpersonal protective order ("IPO") context, "entry of a DVO follows the alleged perpetrator forever in terms of background checks for employment purposes and volunteer work such as

coaching Little League sports." *Id.* (internal quotation marks and citations omitted). Deans points to no consequences which would follow it "forever" if these appeals were dismissed, such as authority which would impede, or prevent, it from obtaining future licenses if the licenses at issue are revoked.

Instead, Deans points to past actions in support of its collateral consequences argument. For example, Deans asserts its attempts to "upgrade the facility's license" and to "move the business to a new location" were each denied. We conclude those past events are not an appropriate basis to apply the collateral consequences exception.

As Appellants point out, a person or entity cannot obtain a license within two years of having a license revoked under KRS 231.100(1)(e) and (2)(b). Deans attempted to upgrade its license during that two-year prohibition period. However, more than three years have now elapsed since the Board revoked Deans' license, so the two-year statutory barrier is facially inapplicable.

Similarly, the attempt to move Deans' business occurred in 2023, during a period when Deans was statutorily prevented from transferring its license. KRS 243.630(1)(c) defines a "transfer" as moving "a business or license to a different premises." And KRS 243.630(2) expressly prevents the transfer of a license absent authorization from "the state administrator in the exercise of sound discretion." However, KRS 243.630(9) states that a license may not be transferred

"while any proceedings against the license or the licensee for a violation of any statute or administrative regulation which may result in the suspension or revocation of the license are pending." When Deans attempted to transfer its license to a new facility in 2023, the revocation proceedings were ongoing. However, that statutory prohibition will become facially inapplicable if we dismiss these appeals because the revocation proceedings would no longer be pending. Deans has not cited authority which would prevent it from obtaining a transfer of any future license it may obtain due to the revocation of the licenses at hand.

In short, Deans has not shown any future, ongoing collateral consequences which it would suffer if these appeals were dismissed. *See, e.g.*, *Beshear v. Goodwood Brewing Company, LLC*, 635 S.W.3d 788, 799 (Ky. 2021) (noting that the collateral consequences exception requires a "concrete and continuing injury") (internal quotation marks and citations omitted).

Finally, we disagree that *Brown v. Baumer*, 191 S.W.2d 235, supports Deans' assertion that "because the legislature has given the unfettered right to appeal, Kentucky Courts have held that review of a license revocation in fact was not moot, as it had potential future consequences." *Brown*, the only authority cited by Deans to support that argument, has unusual, distinguishable facts and involves application of a different mootness exception.

As later succinctly summarized by our Supreme Court:

-8-

> *Brown* concerned an appeal by the Kentucky Alcoholic Beverage Control Board from a circuit court order compelling it to issue a wholesaler's license to Baumer. During the pendency of the appeal the Board complied with the order and issued the license. The appeal, it was argued, thereupon became moot. The Court recognized the general rule requiring dismissal "where pending on appeal an event occurs which of necessity renders any judgment that might be pronounced ineffectual for any purpose," 191 S.W.2d at 238, but it then noted that "[a]ll rules have exceptions; it is not every change in circumstances which renders a case moot so as to require a dismissal of appeal; one exception is where the question is of public interest." *Id.* Finding that the case involved a real, adversely litigated question of public interest, the Court stated that notwithstanding the rule against advisory opinions "we may go so far as to conclude that the chancellor was in error in overruling the Board's action in refusing to renew applicant's license." 191 S.W.2d at 239.

*Morgan*, 441 S.W.3d at 101 n.3.

*Brown* is distinguishable as it plainly involved application of the public interest exception to the mootness rule and did not address the collateral consequences exception. Deans does not expressly argue that we should apply the public interest exception.[4] We disagree with Deans' assertion that the mere fact

---

[4] One requirement for application of the public interest exception is "a likelihood of future recurrence of the question." *Goodwood Brewing Company, LLC*, 635 S.W.3d at 801 (block quote indentation and citation omitted). Briefly, we would reject any attempted argument by Deans that the public interest exception applies here. The current societal and governmental approaches to the COVID-19 virus are manifestly different than they were in 2020, when these revocation proceedings began. Consequently, there is not a likelihood these unique facts or idiosyncratic legal issues will recur.

that Deans had a statutory right to appeal the revocation of its licenses means the public interest exception must apply.

Deans no longer has a legal right to occupy the premises covered by the licenses. Deans failed to pay the renewal fees for the licenses. Deans itself is not an ongoing legal entity. Therefore, any decision favorable to Deans by this Court would, practically speaking, accomplish nothing because it would not result in Deans being able to resume selling alcohol pursuant to the revoked licenses. On the other hand, any decision favorable to Appellants would have no practical effect because the licenses it seeks to revoke are already functionally useless. Moreover, no exception to the mootness rule applies to these facts.

For the foregoing reasons, it is ORDERED that Case No. 2024-CA-0800-MR and Case No. 2024-CA-0801-MR are each dismissed as moot.

ALL CONCUR.

ENTERED:___10-24-2025____    _____
                             JUDGE, COURT OF APPEALS

-10-

BRIEFS FOR APPELLANTS-
CROSS-APPELLEES:

Christine J. Foster
Frankfort, Kentucky

BRIEFS FOR APPELLEE-CROSS-
APPELLANT:

Christopher Wiest
Theodore J. Roberts
Covington, Kentucky

Thomas B. Bruns
Cincinnati, Ohio